IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE

| | |
|---|---|
| JOSEPH COCCHINI, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 3:23-cv-1185 |
| THE CITY OF FRANKLIN, TENNESSEE, | ) |
| Defendant. | ) |

## ANSWER

The Defendant hereby appears, by and through counsel, and for Answer to the Complaint (Doc. 1) filed against it would state as follows:

1. For response to paragraph 1 of the Complaint, it is denied that the Defendant violated any right secured by the United States Constitution. It is denied that the Defendant is liable to Plaintiff under any theory alleged in the Complaint.

2. For response to paragraph 2 of the Complaint, it is admitted that the Plaintiff attended the Franklin Pride Festival at the Park at Harlinsdale Farm located at 239 Franklin Road, Franklin, Tennessee on June 3, 2023. It is further admitted that no admission fee was charged for the event. Any remaining allegations contained in paragraph 2 of the Complaint are denied, and the Defendant specifically denies it is liable to the Plaintiff for any amount and/or under any theory.

3. For response to paragraph 3 of the Complaint, the allegations are denied and strict proof thereof is required.

4. For response to paragraph 4 of the Complaint, it is admitted that the Plaintiff was placed under arrest, removed from the Park at Harlinsdale Farm, and prosecuted for the offense

of criminal trespass. The remainder of the allegations contained in Paragraph 4 of the Complaint are denied and strict proof is required thereof.

5. For response to paragraph 5 of the Complaint, the allegations are denied and strict proof is required thereof.

6. For response to paragraph 6 of the Complaint, the allegations are denied and strict proof is required thereof.

7. For response to paragraph 7 of the Complaint, it is denied that the Defendant is liable to Plaintiff for any damages, relief or recovery sought in the Complaint.

8. For response to paragraph 8 of the Complaint, the jurisdiction of this Court is not contested at this time. It is denied that the Defendant is liable to Plaintiff under any theory alleged in the Complaint.

9. For response to paragraph 9 of the Complaint, the venue of this Court is not contested at this time.

10. For response to paragraph 10 of the Complaint, the allegations are admitted upon information and belief.

11. For response to paragraph 11 of the Complaint, the allegations are generally admitted.

12. For response to paragraph 12 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

13. For response to paragraph 13 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations

contained therein, therefore, those allegations are denied, and strict proof is required thereof.

14. For response to paragraph 14 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

15. For response to paragraph 15 of the Complaint, the allegations do not relate to this Defendant. To the extent the allegations relate to this Defendant, the allegations are denied, and strict proof is required thereof.

16. For response to paragraph 16 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

17. For response to paragraph 17 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

18. For response to paragraph 18 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

19. For response to paragraph 19 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations

contained therein, therefore, those allegations are denied, and strict proof is required thereof.

20. For response to paragraph 20 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

21. For response to paragraph 21 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

22. For response to paragraph 22 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

23. For response to paragraph 23 of the Complaint, the allegations are admitted upon information and belief.

24. For response to paragraph 24 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

25. For response to paragraph 25 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations

contained therein, therefore, those allegations are denied, and strict proof is required thereof.

26. For response to paragraph 26 of the Complaint, the allegations are denied, and strict proof is required thereof.

27. For response to paragraph 27 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

28. For response to paragraph 28 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

29. For response to paragraph 29 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

30. For response to paragraph 30 of the Complaint, the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required thereof.

31. For response to paragraph 31 of the Complaint, the allegations are denied, and strict proof is required thereof.

32. For response to paragraph 32 of the Complaint, it is admitted that City of Franklin police officers approached the Plaintiff while the Plaintiff was at a both attended by Glendale United Methodist Church. It is further admitted that Plaintiff was asked to leave the Park. The Defendant lacks sufficient knowledge and information to formulate a belief as to the remainder of the allegations contained in paragraph 32, and therefore, those allegations are denied, and strict proof is required thereof.

33. For response to paragraph 33 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of the communications with City of Franklin officers is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the communications as they occurred. The allegations are otherwise denied, and strict proof is required thereof.

34. For response to paragraph 34 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of the communications with City of Franklin officers is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the communications as they occurred. The allegations are otherwise denied, and strict proof is required thereof.

35. For response to paragraph 35 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of the communications with City of Franklin officers is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the communications as they occurred. The allegations are otherwise denied, and strict proof is required thereof.

36. For response to paragraph 36 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of the communications with City of Franklin officers is incomplete

and/or inconsistent with complete and accurate transcriptions/recordings of the communications as they occurred. The allegations are otherwise denied, and strict proof is required thereof.

37. For response to paragraph 37 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of the communications with City of Franklin officers is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the communications as they occurred. The allegations are otherwise denied, and strict proof is required thereof.

38. For response to paragraph 38 of the Complaint, the allegations are denied as stated. It is generally admitted that after Plaintiff refused requests to leave the event space, he was placed under arrest, transported to the Williamson County Jail, booked, and detained on a charge of criminal trespass.

39. For response to paragraph 39 of the Complaint, it is admitted that Plaintiff was held under a $500.00 bond. The Defendant lacks sufficient knowledge and information to formulate a belief as to the remainder of the allegations contained in paragraph 39, and therefore, those allegations are denied, and strict proof is required thereof.

40. For response to paragraph 40 of the Complaint, the allegations are admitted.

41. For response to paragraph 41 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing. It is generally admitted that the State called Officer Kevin Spry as its sole witness at the hearing.

42. For response to paragraph 42 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing.

43. For response to paragraph 43 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing.

44. For response to paragraph 44 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing.

45. For response to paragraph 45 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing. It is admitted that the criminal trespass warrant was dismissed.

46. For response to paragraph 46 of the Complaint, the allegations are admitted upon information and belief.

47. For response to paragraph 47 of the Complaint, the allegations are admitted.

48. For response to paragraph 48 of the Complaint, the allegations are admitted.

49. For response to paragraph 49 of the Complaint, it is admitted that the event was listed on the Application as a free event. The remainder of the allegations contained in paragraph 49 of the Complaint are denied and strict proof is required thereof.

50. For response to paragraph 50 of the Complaint, the allegations are not related to this Defendant, and this Defendant lacks sufficient knowledge and information to formulate

a belief as to the truth of the allegations contained therein; therefore, those allegations are denied, and strict proof is required.

51. For response to paragraph 51 of the Complaint, the allegations are denied.

52. For response to paragraph 52 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing. It is further denied that the City of Franklin violated Plaintiff's constitutional rights or otherwise had an unconstitutional policy, practice, or custom of removing persons from the event. It is admitted that the criminal trespass warrant was dismissed.

53. For response to paragraph 53 of the Complaint, the allegations are not related to this Defendant and the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein, therefore, those allegations are denied, and strict proof is required.

54. For response to paragraph 54 of the Complaint, the allegations are not related to this Defendant and the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein; therefore, those allegations are denied, and strict proof is required.

55. For response to paragraph 55 of the Complaint, the allegations are denied to the extent Plaintiff's recitation of testimony from the November 7, 2023 hearing is incomplete and/or inconsistent with complete and accurate transcriptions/recordings of the hearing.

56. For response to paragraph 56 of the Complaint, the allegations are not related to this Defendant and the Defendant lacks sufficient knowledge and information to formulate

a belief as to the truth of the allegations contained therein; therefore, those allegations are denied, and strict proof is required.

57. For response to paragraph 57 of the Complaint, the allegations are not related to this Defendant and the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein; therefore, those allegations are denied, and strict proof is required.

58. For response to paragraph 58 of the Complaint, the allegations are not related to this Defendant and the Defendant lacks sufficient knowledge and information to formulate a belief as to the truth of the allegations contained therein; therefore, those allegations are denied and strict proof is required thereof.

59. For response to paragraph 59 of the Complaint, to the extent the allegations are related to this Defendant, the allegations are denied and strict proof is required thereof.

60. For response to paragraph 60 of the Complaint, no factual allegations are contained in this paragraph, and therefore, no response is warranted and none is given. To the extent a response is required, it is denied that the Defendant violated any right secured by the United States Constitution. It is denied that the Defendant is liable to Plaintiff under any theory alleged in the Complaint.

61. For response to paragraph 61 of the Complaint, the allegations are denied, and strict proof is required thereof.

62. For response to paragraph 62 of the Complaint, the allegations are denied, and strict proof is required thereof.

63. For response to paragraph 63 of the Complaint, the allegations are denied, and strict proof is required thereof.

64. For response to paragraph 64 of the Complaint, the allegations are denied, and strict proof is required thereof. It is agreed that Franklin Pride was granted a permit for the use of the park.

65. For response to paragraph 65 of the Complaint, the paragraph contains only legal assertions that Defendant is not required to admit or deny. To the extent paragraph 65 contains factual allegations warranting a response, the allegations are denied, and strict proof is required thereof.

66. For response to paragraph 66 of the Complaint, the allegations are denied, and strict proof is required thereof.

67. For response to paragraph 67 of the Complaint, the allegations are denied, and strict proof is required thereof.

68. For response to paragraph 68 of the Complaint, the paragraph contains only legal assertions that Defendant is not required to admit or deny. To the extent paragraph 68 contains factual allegations warranting a response, the allegations are denied, and strict proof is required thereof.

69. For response to paragraph 69 of the Complaint, the paragraph contains only legal assertions that Defendant is not required to admit or deny. To the extent paragraph 69 contains factual allegations warranting a response, the allegations are denied, and strict proof is required thereof.

70. For response to paragraph 70 of the Complaint, the allegations are denied, and strict proof is required thereof.

71. For response to paragraph 71 of the Complaint, the paragraph contains only legal assertions that Defendant is not required to admit or deny. To the extent paragraph 71

contains factual allegations warranting a response, the allegations are denied, and strict proof is required thereof.

72. For response to paragraph 72 of the Complaint, the allegations are denied, and strict proof is required thereof.

73. For response to paragraph 73 of the Complaint, as no factual allegations are contained therein, and therefore, no response is warranted and none is given. To the extent a response is required, it is denied that the Defendant violated any right secured by the United States Constitution. It is denied that the Defendant is liable to Plaintiff under any theory alleged in the Complaint.

74. For response to paragraph 74 of the Complaint, the paragraph contains only legal assertions that Defendant is not required to admit or deny. To the extent paragraph 74 contains factual allegations warranting a response, the allegations are denied and strict proof is required thereof.

75. For response to paragraph 75 of the Complaint, the paragraph contains only legal assertions that Defendant is not required to admit or deny. To the extent paragraph 75 contains factual allegations warranting a response, the allegations are denied and strict proof is required thereof.

76. For response to paragraph 76 of the Complaint, the allegations are denied and strict proof is required thereof.

77. For response to paragraph 77 of the Complaint, the allegations are denied and strict proof is required thereof.

78. For response to paragraph 78 of the Complaint, the allegations are denied and strict proof is required thereof.

79. For response to paragraph 79 of the Complaint, no factual allegations are contained in this paragraph, and therefore, no response is warranted and none is given. To the extent a response is required, it is denied that the Defendant violated any right secured by the United States Constitution. It is denied that the Defendant is liable to Plaintiff under any theory alleged in the Complaint.

80. For response to paragraph 80 of the Complaint, the allegations are denied, and strict proof is required thereof.

81. For response to paragraph 81 of the Complaint, the allegations are denied, and strict proof is required thereof.

82. For response to the Request for Relief paragraph 1 of the Complaint, the allegations are denied and strict proof is required thereof. It is denied that the Defendant is liable to Plaintiff for any damages, relief, or recovery sought in the Complaint.

83. For response to the Request for Relief paragraph 2 of the Complaint, the allegations are denied and strict proof is required thereof. It is denied that the Defendant is liable to Plaintiff for any damages, relief, or recovery sought in the Complaint.

84. For response to the Request for Relief paragraph 3 of the Complaint, the allegations are denied and strict proof is required thereof. It is denied that the Defendant is liable to Plaintiff for any damages, relief, or recovery sought in the Complaint.

85. For response to the Request for Relief paragraph 4 of the Complaint, the allegations are denied and strict proof is required thereof. It is denied that the Defendant is liable to Plaintiff for any damages, relief, or recovery sought in the Complaint.

86. For response to the Request for Relief paragraph 5 of the Complaint, the allegations are denied and strict proof is required thereof. It is denied that the Defendant is liable to Plaintiff for any damages, relief or recovery sought in the Complaint.

87. For response to Request for Relief paragraph 6 of the Complaint, Defendant demands a jury of the maximum allowable jurors.

88. For response to the Request for Relief paragraph 7 of the Complaint, the allegations are denied and strict proof is required thereof. It is denied that the Defendant is liable to Plaintiff for any damages, relief, or recovery sought in the Complaint.

## **AFFIRMATIVE DEFENSES**

89. Any allegation not specifically admitted in this Answer to Plaintiff's Complaint is hereby denied, and strict proof is demanded thereof.

90. Plaintiff's request for request for relief is denied in full and without merit. Plaintiff is not entitled to relief of any kind in this action.

91. The Complaint fails to state a claim upon which relief may be granted against Defendant, and the Complaint should be dismissed in its entirety.

92. Defendant specifically denies that it violated any constitutional right of Plaintiff, violated any state law, or that any action or inaction on its behalf was the legal cause of the injuries and/or damages sustained by Plaintiff.

93. Plaintiff has not sufficiently alleged a policy, practice, or procedure that would give rise to municipal liability under *Monell v. Social Services of the City of New York*, 436 U.S 658 (1978).

94. Defendant affirmatively asserts and raises the Tennessee Governmental Tort Liability Act as a defense along with any and all immunities to which it may be entitled pursuant to said Act, as codified at Tenn. Code Ann. § 29-20-101, *et seq*.

95. Defendant asserts that as a condition of the special event permit issued to Franklin Pride for the Franklin Pride Festival at issue, Franklin Pride agreed to assume the defense of and indemnify and save harmless the City, its mayor, aldermen, boards, commissions, officers, employees and agents from all suits, damages, or claims to which the City may be subjected of any kind or nature whatsoever resulting from caused by, arising out of, or as a consequence of such event and the activities permitted in connection therewith.

96. Defendant cannot be liable for punitive damages because Defendant is a municipality. *See City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247 (1981). Any claim for punitive damages should be dismissed.

97. Defendant affirmatively maintains that it is entitled to a recovery of all costs in this cause allowable by law, including, but not limited to, attorneys' fees and discretionary costs as the same may be set out in 42 U.S.C. § 1988, Tenn. Code Ann. § 29-20-113, and/or any other law that would entitle the Defendant to such a recovery.

98. Defendant reserves the right to amend its Answer.

99. Defendant requests a jury of the maximum allowable jurors to try all matters in this cause of action as it now stands. The Defendant reserves the right to modify or withdraw this jury demand as this action progresses, or in response to any amendments to the pleadings in this matter.

Respectfully submitted this 7th day of December, 2023.

/s/ Gina S. Vogel
Jeffrey R. Thompson, BPR # 020310
Gina S. Vogel, BPR # 033526
Lewis Thomason, PC
620 Market Street, PO Box 2425
Knoxville, TN 37901
jrthompson@lewisthomason.com
gvogel@lewisthomason.com

/s/ Shauna Billingsley
Shauna R. Billingsley, BPR No. 023362
City Attorney
City of Franklin, Tennessee Law Department
109 3rd Avenue South
Franklin, TN 37064
*Attorneys for Defendant*

# CERTIFICATE OF SERVICE

The undersigned certifies that on the 7th day of December, 2023, a true and exact copy of this Answer was filed electronically. Notice of this filing will be sent by operation of the court's electronic filing system to all parties indicated on the electronic filing receipt as follows:

Larry L. Crain
Emily A. Castro
Crain Law Group, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN 37027
Larry@crainlaw.legal
Emily@crainlaw.legal
*Attorneys for Plaintiff*

/s/ Gina S. Vogel