**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**

| | |
|---|---|
| JOSEPH COCCHINI,<br><br>      *Plaintiff,*<br><br>-vs-<br><br>THE CITY OF FRANKLIN, TENNESSEE, OFFICER KEVIN SPRY, OFFICER ALAN YATES, AND LIEUTENANT ERIC ANDERSON, in their individual capacities,<br><br>      ***Defendants*.** | **Case No. 3:23-cv-01185**<br><br>**JURY DEMAND**<br>**Chief Judge Crenshaw**<br>**Magistrate Judge Holmes** |
| BRIAN RUSSELL, et al.,<br><br>      *Plaintiffs,*<br><br>-vs-<br><br>THE CITY OF FRANKLIN, TENNESSEE, et al.,<br><br>      *Defendants.* | **Case No. 3:24-cv-000223** |
| TIMOTH BROWN,<br><br>      *Plaintiff,*<br><br>*-vs-*<br><br>THE CITY OF FRANKLIN, TENNESSEE, et al.,<br><br>      *Defendants.* | **Case No. 3:24-cv-00497** |

---

# PLAINTIFFS' MEMORANDUM IN SUPPORT
# OF THEIR MOTION FOR SUMMARY JUDGMENT

---

Come now the Plaintiffs, Joseph Cocchini, Brian Russell, Marvin Young, and Jeremy Slayden, and Timothy Brown by and through counsel of record, and submit the following Memorandum in support of their Motion for Summary Judgment on all claims pursuant to Fed.R.Civ.P. 56 and L.R. 56.01(b)[1]. In addition, Plaintiff Joseph Cocchini submits this Memorandum in support of his Motion for Summary Judgment against the Defendant Kevin Spry.

The undisputed facts, interpreted in light of this Court's prior ruling denying Defendant Officer Spry's Motion to Dismiss as to Plaintiff Joseph Cocchini's First Amendment claim (Doc. No. 56, filed Feb. 6, 2025), establish that the City of Franklin, through its police officers acting under municipal policy, impermissibly arrested Mr. Cocchini, and excluded Mr. Russell, Pastor Young, Mr. Slayden and Mr. Brown from Harlinsdale Park—a traditional public forum—based on the content of their speech, in violation of clearly established First Amendment law. No genuine dispute of material fact remains, and all Plaintiffs are entitled to judgment as a matter of law.

## INTRODUCTION

In order to bolster its intolerance of certain traditional Judeo-Christian or biblical views of marriage or human sexuality, Franklin Pride randomly monitored the expressions of individuals in attendance to make sure no attendee was expressing a message that could be perceived as unsupportive of its LGBTQ+ agenda. Those who were suspected of being out of sync with the LGBTQ message or views being promoted by Franklin Pride, or those who merely espoused traditional Judeo-Christian views concerning the sanctity of marriage or human sexuality, were routinely reported to the police and ordered to leave. Those whom the City of Franklin police

---

[1] Plaintiffs Cocchini, Russell, Young and Slayden have elected not to pursue their claim under the Equal Protection Clause of the Fourteenth Amendment, Count II of their Complaints and consent to the dismissal of this claim.

removed or ordered to leave the public park did so under threat of criminal arrest.

Joseph Cocchini brings his action against the City of Franklin, Tennessee, and Officer Kevin Spry, pursuant to 42 U.S.C. § 1983, based on their arrest of Mr. Cocchini while acting pursuant to policy, practice, custom and usage under color of state law and abridging and restricting Mr. Cocchini's constitutionally protected rights of free speech and exercise of religion at The Park at Harlinsdale Farm in Franklin, Tennessee, a public, city owned park, based on the content and viewpoint he expressed.

Mr. Russell, Pastor Young, Mr. Slayden and Mr. Brown, bring their action against the City of Franklin, Tennessee, pursuant to 42 U.S.C. § 1983, based on their expulsion and/or exclusion from the park while acting pursuant to policy, practice, custom and usage under color of state law and abridging and restricting their constitutionally protected rights of free speech and exercise of religion at The Park at Harlinsdale Farm in Franklin, Tennessee, a public, city owned park, based on the content and viewpoint they expressed.

The Plaintiffs entered or desired to enter this public forum for the sole purpose of peacefully observing the event activities and otherwise exercising their rights of assembly and free speech as protected by the First Amendment. Mr. Cocchini's speech activity was curtailed when the Defendants placed him under arrest and criminally prosecuting him for the offense of criminal trespass under Tenn. Code Ann. §39-14-405. And Mr. Russell, Mr. Young, Mr. Slayden and Mr. Brown's speech activity was curtailed when the City of Franklin Police Officers denied entry and/or removed them from Harlinsdale Park. The Defendants' actions were carried out pursuant to the official policies or practices of the Franklin City Police Department that were in effect at the time.

*Memorandum in Support of Plaintiffs*
Case 3:23-cv-01185   Document 62   Filed 04/10/25   Page 3 of 21 PageID #: 427
*Motion for Summary Judgment - 3*

Mr. Cocchini's arrest and the remainder of the Plaintiffs' expulsion and/or denial of entry into the Park were instigated because they spoke about the biblical account of the gospel, as well as traditional Judeo-Christian views on marriage and human sexuality.

## FACTUAL ALLEGATIONS

For the sake of brevity, Plaintiffs adopt by reference herein, with respect to the Plaintiffs the facts as pleaded in the Plaintiffs' Statement of Undisputed Material Facts filed contemporaneously herewith.

The Amended Complaint for *Joseph Cocchini v. The City of Franklin, Tennessee, Officer Kevin Spry, Officer Alan Yate and Lieutenant Eric Anderson[2]*, in their individual capacities, Case No. 3:23-cv-01185 was filed on June 6, 2024 [Doc. 28] and two other companion related cases styled *Brian Russell, Marvin Young, and Jeremy Slayden v. The City of Franklin,* Case No. 3:24-cv-00223 was filed on February 28, 2024 [Doc. 1], and *Timothy Brown v. The City of Franklin,* Case. No. 3:24-cv-00497 was filed on April 22, 2024 [Doc. 1]. The three cases allege analogous facts and seek identical relief. Therefore, because of the virtual similarity of the fact scenarios in these cases, and their relevance to the issues presented, the Plaintiffs have combined their arguments in this memorandum.

## Legal Standard of Review

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a). The party bringing the summary judgment motion has the initial burden of informing the Court of the basis for its motion and identifying portions of the record that demonstrate the absence of a genuine dispute over material facts. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir.

---

[2] Plaintiff Joseph Cocchini filed a Stipulation of Voluntary Dismissal Without Prejudice as to the Defendants Alan Yates and Eric Anderson [See Doc. 42]. The only individual defendant is Officer Kevin Spry, his arresting officer.

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 4*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 4 of 21 PageID #: 428

2003). The moving party may satisfy this burden by presenting affirmative evidence that negates an element of the non-moving party's claim or by demonstrating an absence of evidence to support the nonmoving party's case. *Id*.

In evaluating a motion for summary judgment, the court views the facts in the light most favorable for the nonmoving party, and draws all reasonable inferences in favor of the nonmoving party. *Bible Believers v. Wayne Cty.. Mich.*, 805 F.3d 228, 242 (6th Cir. 2015); *Wexler v. White's Fine Furniture, Inc.*, 317 F.3d 564, 570 (6th Cir. 2003). The Court does not weigh the evidence, judge the credibility of witnesses, or determine the truth of the matter. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). Rather, the Court determines whether sufficient evidence has been presented to make the issue of material fact a proper jury question. *Id*. The mere scintilla of evidence in support of the nonmoving party's position is insufficient to survive summary judgment; instead, there must be evidence of which the jury could reasonably find for the nonmoving party. *Rodgers v. Banks*, 344 F.3d 587, 595 (6th Cir. 2003).

The facts are undisputed: Mr. Cocchini was arrested for his religious views; Mr. Russell, Pastor Young and Mr. Slayden was expelled for their religious views and for praying; and Mr. Brown was excluded for his religious tracts and intent to proselytize, despite compliance with festival rules by all Plaintiffs, by City officers enforcing Franklin Pride's directive in a public forum. The City cannot contest this Court's prior ruling on the Park's status or the law governing content-based exclusions. (Doc. No. 56 at 12-20). No evidence suggests the Plaintiffs disrupted the event or that a compelling interest justified their exclusion, removal or in Mr. Cocchini's case arrest. Summary judgment is thus appropriate. *Celotex*, 477 U.S. at 322-23.

*Memorandum in Support of Plaintiffs*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 5 of 21 PageID #: 429
*Motion for Summary Judgment - 5*

## ARGUMENT

The Plaintiffs' exclusion from the Franklin Pride Festival held at Harlinsdale Park on June 3, 2023, by City of Franklin police officers, acting under municipal policy and in concert with event organizers, violated the Plaintiffs' First Amendment right to free speech in a traditional public forum. This Court's prior ruling (Doc. No. 56) establishes the legal framework, and the undisputed facts specific to all of the Plaintiffs and align with that precedent, warranting summary judgment in their favor.

I.    **THE CITY OF FRANKLIN, TENNESSEE, VIOLATED 42 U.S.C. § 1983 AND THE PLAINTIFFS' FIRST AMENDMENT RIGHTS TO FREE SPEECH AND THEIR RIGHT OF ASSEMBLY BASED UPON FACIAL CONTENT AND VIEWPOINT DISCRIMINATION.**

The right of free people to express themselves without unjustified governmental restriction is enshrined in our First Amendment. U. S. CONST. amend. I. ("Congress shall make no law ... abridging the freedom of speech...."). Under the Supreme Court's jurisprudence, the First Amendment's protection of speech applies against the states and their political subdivisions, such as [the City of Franklin]. *See Gitlow v. New York*, 268 U.S. 652, 666, 45 S.Ct. 625, 69 L.Ed. 1138 (1925); *see also Lovell v. City of Griffin*, 303 U.S. 444, 450, 58 S.Ct. 666, 82 L.Ed. 949 (1938). *McGlone v. Metro. Gov't of Nashville*, 749 F. App'x 402, 404 (6th Cir. 2018).

To establish a First Amendment violation under § 1983, the Plaintiffs must show: (1) their conduct was protected speech; (2) it occurred in a public forum; and (3) the government's justification for restricting it fails the requisite scrutiny. *Saieg v. City of Dearborn*, 641 F.3d 727, 734-35 (6th Cir. 2011). The City acted under color of state law through its officers. *Flagg Bros., Inc. v. Brooks*, 436 U.S. 149, 155-56 (1978). Each element is met here.

*Memorandum in Support of Plaintiffs*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 6 of 21 PageID #: 430
*Motion for Summary Judgment - 6*

### A. Plaintiffs' Engaged in Protected Speech.

Mr. Cocchini, Pastor Young, Mr. Russell and Mr. Slayden's desire to pray and have discussions regarding their religious beliefs, and Mr. Brown's possession of religious tracts and intent to attend Franklin Pride to potentially share his religious views all constitute protected speech. The First Amendment safeguards religious expression, including distributing literature in public spaces. *See Murdock v. Pennsylvania*, 319 U.S. 105, 108-09 (1943); *Parks v. City of Columbus*, 395 F.3d 643, 648 (6th Cir. 2005). Again, this Court has already recognized the expression by Mr. Cocchini—wearing a religious t-shirt and discussing faith—as protected (Doc. No. 56 at 11). All of the Plaintiffs' conduct falls squarely within this protection.

### B. The Nature of the Forum Here Is Public.

This Court has already determined that Harlinsdale Park remained a traditional public forum during Franklin Pride. (Doc. No. 56 at 12-16). Despite Franklin Pride's permit, the event was free, open to the public, and served as a space for assembly and discussion, retaining its public character. (Id. at 13-14 (citing *Parks*, 395 F.3d at 649)). The City's officers, including Lieutenant Anderson and Lieutenant Cates, claimed the Park was "private" due to the reservation (SUMF ¶¶25, 68, 71, 103, 126), but this Court rejected that argument, finding the Park's objective use—not the permit—controls. (Doc. No. 56 at 14-16 (distinguishing *Hurley v. Irish-Am. Gay, Lesbian & Bisexual Grp. of Bos.*, 515 U.S. 557 (1995))). All of the Plaintiffs sought general access to this public forum, not inclusion in Franklin Pride's message, reinforcing the Park's status as a public space. (Id. at 16).

Generally, a municipality may not "destroy the 'public forum' status of streets and parks which have historically been public forums." *U.S. Postal Serv. v. Council of Greenburgh Civic*

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 7*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 7 of 21 PageID #: 431

*Ass'ns.,* 453 U.S. 114,133 (1981). Courts that have addressed this issue directly have concluded that, while traditional public fora may lose their public character under some circumstances, they do not do so when a private actor assumes non-exclusive control of an area to hold an event to which the public has free and open access. *See Parks v. City of Columbus,* 395F.3d 643, 652 (6th Cir.2005); *accord Startzell v. City of Philadelphia,* 533 F.3d at 197; *Dietrich v. John Ascuaga's Nugget,* 548 F.3d 892, 899 (9th Cir.2008). *See also Zalaski v. City of Hartford,* 838 F.Supp.2d 13, 36–37 (D.Conn.2012) (finding that based on *Parks* and *Startzell,* issuance of a permit to use a public forum does not transform status of public forum); *Johnson v. Minneapolis Park and Recreation Bd.,* Civil No. 12–806, 2012 WL 2119268, at *7 (D.Minn.Jun.11, 2012) (finding that public parks retain public fora status even where a private actor assumes non-exclusive control to an event that is free and open to the public). A municipality "cannot ... claim that one's constitutionally protected rights disappear [where] a private party is hosting an event that remain[s] free and open to the public." *Parks,* 395 F.3d at 652. *Jankowski v. City of Duluth*, No. CIV. 11-3392 MJD/LIB, 2012 WL 4481302, at *3 (D. Minn. Sept. 28, 2012).

The law was clearly established as of June 3, 2023, that a public park remains a traditional public forum when a private event takes place in the park, and the event is open and free to the public. Many courts have adopted and applied the reasoning set forth in *Parks. See, e.g., Startzell,* 533 F.3d at 197; Dietrich, 548 F.3d at 899 (9th Cir.2008). The courts continue to apply the *Parks* analysis as demonstrated in various opinions. *See, e.g., Teesdale v. City of Chicago,* 690 F.3d 829, 2012 WL 3240696, at *5 n. 1 (7th Cir. Aug. 10, 2012); *Bays v. City of Fairborn,* 668 F.3d 814, 820 (6th Cir.2012) (recognizing that whether a municipality has the power to transform a traditional public forum to a limited or nonpublic forum is an open question, it was

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 8*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 8 of 21 PageID #: 432

clear that a community park that hosts a private event that is open and free to the public remains a traditional public forum).

**C.** **Content Based and Viewpoint Based Exclusion of Plaintiffs' Speech Was Unlawful.**

In a traditional public forum, content-based restrictions on speech must be necessary to serve a compelling state interest and narrowly tailored. *Perry Educ. Ass'n v. Perry Local Educators' Ass'n*, 460 U.S. 37, 45 (1983). Mr. Cocchini's arrest was content based: Franklin Pride Staff wanted him removed due to his religious speech towards the Glendale Methodist Church, and the City's officers, specifically Officer Spry enforced this based solely on the organizers' preference. (SUMF ¶¶ 58-64, 67-71, 73-78). Mr. Russell, Pastor Young and Mr. Slayden's exclusion was content based: Franklin Pride staff wanted them removed due to their praying and discussing religious viewpoints, and the City's officers enforced this based solely on the organizers' preference. (SUMF ¶¶ 89-90, 92-94, 99, 101-104,107, 111-112, 12-121).  And finally, Mr. Brown's exclusion, based upon threat of arrest, was content based: Franklin Pride staff denied him entry due to his religious tracts, and City officers enforced this based solely on the organizers' preference (SUMF ¶¶ 122-127). The reason for Plaintiff's Brown exclusion was based on the content of his message, and not just because he intended to hand out tracts, because even after Mr. Brown offered to put the tracts back in his car, he still was not permitted to enter. (SUMF ¶ 124). There would be no other reason for his exclusion other than the Pride staff knew his intent was to enter the park to proselytize from a Christian viewpoint, after seeing what his tracts said, which would be contrary to Pride's message.

Again, the Court has already found that Mr. Cocchini's arrest was content-driven, lacking any compelling justification. (Doc. No. 56 at 18-20). The City offers no interest here—compelling or otherwise—as to the arrest of Mr. Cocchini due to his speech towards the Glendale Methodist

*Memorandum in Support of Plaintiffs*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 9 of 21 PageID #: 433
*Motion for Summary Judgment - 9*

Church; the exclusion of Mr. Russell, Pastor Young and Mr. Slayden for their prayer and their religious speech, or for excluding Mr. Brown for possession of his religious tracts and threatening him with arrest if he entered the Park, to be narrowly tailored when they all agreed to follow all rules. (SUMF ¶ 58-64, 67-71, 73-7889-90, 92-94, 99, 101-104,107, 111-112, 12-121, 122-127). As the Court has already ruled with Mr. Cocchini, the City's reliance on Franklin Pride's directive fails to meet strict scrutiny. (Doc. No. 56 at 20).

In *Parks*, the plaintiff, and only the plaintiff, was excluded from a permitted event because he peacefully engaged in speech that the event organizers disliked. 395 F.3d at 654. The *Parks* court found that exclusion content based. *Id*. As in *Parks*, "the only difference between [the preachers] and the other patrons was ... communicat[ion of] a religious message." *See id*. at 653-54. Removal in such circumstances is "difficult to conceive" of as anything other than removal based on "the content of [the preachers'] speech."[4] *Id*. at 654. *McGlone v. Metro. Gov't of Nashville*, 749 F. App'x 402, 409 (6th Cir. 2018).

This Court held that excluding an individual from a public forum based on speech content, absent disruption, violates a clearly established First Amendment right. (Doc. No. 56 at 21-22 (citing *Parks*, 395 F.3d at 652; *Logsdon v. Hains*, 492 F.3d 334, 346 (6th Cir. 2007))). On June 3, 2023, reasonable officers would have known that barring the Plaintiffs for their religious beliefs—without legal justification—contravened this precedent. The City's claim of "private" status was objectively unreasonable given the Park's public nature, as this Court found. (Id. at 22-27).

The City of Franklin and Officer Spry, continually advocate that Franklin Pride had a permit for the usage of The Park at Harlinsdale Farm, therefore, Franklin Pride had the right to exclude, even though it claims the event was open to the public at large. However, even if a group has a permit in a traditional public forum, the group does not have untethered power to exclude

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 10*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 10 of 21 PageID #: 434

people from the event. See *Parks*, 395 F.3d at 653-54 (holding that the restriction was content-based when the plaintiff was acting in a peaceful manner and the only difference between him and others was his message and the fact that the event sponsor did not want him there); *see also McGlone v. Metro Gov't of Nashville*, 749 F. App'x 402, 416 (6th Cir. 2018)(Moore, J., dissenting) ("[A] permit-holder cannot use the law to exclude somewhat more modest forms of purported interference—for example, 'peaceful' leafleters—from public fora."). *Harcz v. Boucher*, No. 1:17-CV-112, 2021 WL 4476942, at *5 (W.D. Mich. Sept. 30, 2021).

"To be a constitutional time, place, and manner restriction, the [restriction] must be narrowly tailored to serve a significant government interest." *Bays*, 668 F.3d at 822 (citing *United States v. Grace*, 461 U.S. 171, 177, 103 S. Ct. 1702, 1707, 75 L.Ed.2d 736 (1983)). The government must demonstrate that the recited harms are real, not merely conjectural. *Saieg*, 641 F.3d at 736-37; *Harcz v. Boucher*, No. 1:17-CV-112, 2021 WL 4476942, at *6 (W.D. Mich. Sept. 30, 2021). Mr. Cocchini presented no harm to the individuals with whom he was having a quiet, respectful conversation. The conversation was regarding religious views with a religious leader. "'[M]ere speculation about danger' is not an adequate basis on which to justify a restriction of speech.'" *Saieg*, 641 F.3d at 739 (quoting *Bay Area Peace Navy v. United States*, 914 F.2d 1224, 1228 (9th Cir. 1990)); *Harcz v. Boucher*, No. 1:17-CV-112, 2021 WL 4476942, at *6 (W.D. Mich. Sept. 30, 2021). See *Saieg*. at 741 ("Our holding is not predicated on the boundaries of the Festival or a distinction between the inner and outer perimeters."). "The key for purposes of the adequate-alternatives analysis is whether the proffered alternatives allow the speaker to reach its intended audience." *Contributor v. City of Brentwood*, 726 F.3d 861, 865 (6th Cir. 2013); *Harcz v. Boucher,* No. 1:17-CV-112, 2021 WL 4476942, at *7 (W.D. Mich. Sept. 30, 2021).

But if the City uses its police power to bar an individual from the event simply because the event organizers asked them to do so, the restriction was unreasonable. See *Parks*, 395 F.3d at 652 ("[O]ne's constitutionally protected rights [do not] disappear because a private party is hosting an event that remained free and open to the public."). The law was clearly established that individuals are free to speak in public forums despite discordant views as long as they remain peaceful and do not disrupt or otherwise alter the permitted event's message. See, e.g., *Startzell*, 533 F.3d at 199 (stating that "when protestors move from distributing literature and wearing signs to the disruption of the permitted activities, the existence of the permit tilts the balance in favor of the permit-holders"); *Gathright v. City of Portland*, 439 F.3d 573, 577-78 (9th Cir. 2006) (holding that allowing permittees to exclude whom they wanted from the event was not narrowly tailored to the legitimate interest of protecting the permittees' right to speak). *Harcz v. Boucher*, No. 1:17-CV-112, 2021 WL 4476942, at *8 (W.D. Mich. Sept. 30, 2021).

The City of Franklin excluded the Plaintiffs from a traditional public forum for expressing a message opposed to homosexuality and the City of Franklin provides no compelling reason for doing so. Indeed, Franklin cannot even argue that its restriction of the Plaintiffs' speech could survive strict scrutiny review. Therefore, this should end the Court's inquiry here. *See Parks*, 395 F.3d at 654 ("[B]ecause the City has not offered an interest, let alone a compelling one, to explain why it prohibited Parks from exercising his First Amendment rights in a traditional public forum ... we need not reach the second prong of our strict scrutiny analysis."). The restriction of the Plaintiffs' speech violated the First Amendment. *McGlone v. Metro. Gov't of Nashville*, 749 F. App'x 402, 409 (6th Cir. 2018).

The City of Franklin, through the likes of Officer Spry, Officer Sanchez and Lieutenant Cates, acted under color of state law. They were on-duty officers assigned to Franklin Pride,

*Memorandum in Support of Plaintiffs*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 12 of 21 PageID #: 436
*Motion for Summary Judgment - 12*

enforcing a municipal policy—articulated in the pre-event briefing—to remove or exclude individuals at the organizers' request. (Doc. No. 28 ¶¶ 51-57; SUMF ¶¶ 15, 23-27). This Court recognized such conduct by Officer Spry as state action (Doc. No. 56 at 11), and the same applies here. The City's policy also directly caused Plaintiff Brown's exclusion, rendering it liable under § 1983. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978).

## II. OFFICER KEVIN SPRY VIOLATED 42 U.S.C. § 1983 AND JOSEPH COCCHINI'S FIRST AMENDMENT RIGHTS TO FREE SPEECH AND HIS RIGHT OF ASSEMBLY BASED UPON FACIAL CONTENT AND VIEWPOINT DISCRIMINATION.

Mr. Cocchini's First Amendment claim against Officer Kevin Spry is grounded in the theory that his arrest impeded his "constitutional rights of free speech and assembly." Again, to establish a First Amendment violation under § 1983, the Plaintiffs must show: (1) their conduct was protected speech; (2) it occurred in a public forum; and (3) the government's justification for restricting it fails the requisite scrutiny. *Saieg v. City of Dearborn*, 641 F.3d 727, 734-35 (6th Cir. 2011).

Officer Spry has already conceded that Mr. Cocchini had engaged in protected speech through his "religious expression and ministry outreach," and that Officer Spry acted under the color of state law when he arrested Mr. Cocchini. [Doc. No. 41 at 6,9; Doc. No. 56 at PageID# 392]. The Court has found sufficient factual allegations to support these concessions. [Doc. No. 56 at PageID# 392].

The Court ruled that "the Park, while subject to Franklin Pride TN's permit for Franklin Pride, undoubtedly continued to serve as a place of 'assembly, communicating thoughts between citizens and discussing public questions,' demonstrating its public nature. Boardley, 615 F.3d at 515". [Doc. No. 56 PageID#395].

The Court has stated that *Parks v. City of Columbus*, 395 F.3d 643 (6th Cir. 2005) is applicable. [Doc. No. 56 PageID# 395]. The Court reasoned that "[w]hat matters is that the allegations demonstrated that Mr. Cocchini was "merely another attendee of [Franklin pride]," walking around the Park, *Parks*, 395 F.3d at 651, and remined "quiet" and "peaceful at all times. There are no allegations…that Mr. Cocchini interfered with or prevented Franklin Pride's 'message' from being conveyed, or expressed his religious beliefs in a way that interfered with Franklin Pride's message, such that he sought inclusionary speech that infringed on another's rights. *See Parks*, 395 F.3d at 651." [Doc. No. 56 PageID# 396-397].

The Court has also stated that Franklin Pride was not a private event because the application indicated that Franklin Pride obtained a permit for a "free one-day family friendly festival" with the understanding that anyone entering the park knows they are attending the festival. Mr. Cocchini was seeking access to the public Festival and to speak to others like all other attendees. [Doc. No. 56 PageID# 397].

The Court has explained that "[l]ike the City of Columbus in *Parks*, Officer Spry cannot claim that 'one's constitutionally protected rights disappear because a private party is hosting an event that remained free and open to the public.' *Parks*, 395 F.3d at 652." [Doc. No. 56 PageID# 397].

The court has held that "a police officer acts under color of state law when he purports to exercise official authority." *Memphis, Tenn. Area Local Am. Postal Workers Union AFL–CIO v. City of Memphis,* 361 F.3d 898, 903 (6th Cir.2004). "Such manifestations of official authority include flashing a badge, identifying oneself as a police officer, [or] placing an individual under arrest...." *Id.* In this case, Officer Spry was dressed in his official police uniform and his badge was displayed. He identified himself as "Officer Spry" and he actually arrested Mr. Cocchini.

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 14*
Case 3:23-cv-01185    Document 62    Filed 04/19/25    Page 14 of 21 PageID #: 438

These factors combined create state action. Thus, Officer Spry was acting as a state actor when he arrested Mr. Cocchini at Harlinsdale Farm Park on June 3, 2023. *Parks v. City of Columbus*, 395 F.3d 643, 652 (6th Cir. 2005).

Equally significant to the specific actions of Officer Spry, the City and its agents supported the permitting scheme that ostensibly provided a permit-holder with unfettered discretion to exclude someone exercising his constitutionally protected rights from a public park. The City issued a permit to Franklin Pride that was non-exclusive and open to the public. Harlinsdale Park remained a traditional public forum. In trying to inquire about his First Amendment rights and whether they were being violated, Mr. Cocchini was told by Officer Spry, who was defending the actions of the permit holder, that he either had to leave or be arrested if he refused to leave. Officer Spry emphasized that the Park at issue was no longer a public area where Mr. Cocchini's First Amendment rights would apply because a private sponsor was using the area pursuant to City permit. Officer Spry argued to Mr. Cocchini that the permit allowed the permittee to use the park for its purpose, and therefore, the Franklin Pride had every legal right to request Mr. Cocchini to leave on or be arrested. The City's policy went as far as to endorse the unfettered discretion of Franklin Pride. All of these factors amounted to state action. *Parks v. City of Columbus*, 395 F.3d 643, 653 (6th Cir. 2005).

It is a fundamental precept of the First Amendment that the government cannot favor the rights of one private speaker over those of another. *Rosenberger v. Rector & Visitors of Univ. of Va.*, 515 U.S. 819, 828, 115 S.Ct. 2510, 132 L.Ed.2d 700 (1995). Accordingly, content-based restrictions on constitutionally protected speech are anathema to the First Amendment and are deemed "presumptively invalid." *Ysursa v. Pocatello Educ. Ass'n*, 555 U.S. 353, 358, 129 S.Ct. 1093, 172 L.Ed.2d 770 (2009). An especially "egregious" form of content-based discrimination

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 15*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 15 of 21 PageID #: 439

is that which is designed to exclude a particular point of view from the marketplace of ideas. *Rosenberger,* 515 U.S. at 829, 115 S.Ct. 2510; *Perry Educ. Ass'n,* 460 U.S. at 62, 103 S.Ct. 948 (Brennan, J., dissenting) ("Viewpoint discrimination is censorship in its purest form and government regulation that discriminates among viewpoints threatens the continued vitality of 'free speech.'"). The heckler's veto is precisely that type of odious viewpoint discrimination. *Cf. Police Dep't of Chi.,* 408 U.S. at 98, 92 S.Ct. 2286 ("'[T]o deny this ... group use of the streets because of their views ... amounts ... to an invidious discrimination.' " (quoting *Cox,* 379 U.S. at 581, 85 S.Ct. 466 (Black, J., concurring))). *Bible Believers v. Wayne Cnty., Mich.,* 805 F.3d 228, 247–48 (6th Cir. 2015).

Both content- and viewpoint-based discrimination are subject to strict scrutiny. *McCullen v. Coakley,* —— U.S. ——, 134 S.Ct. 2518, 2530, 2534, 189 L.Ed.2d 502 (2014). No state action that limits protected speech will survive strict scrutiny unless the restriction is narrowly tailored to be the least-restrictive means available to serve a compelling government interest. *United States v. Playboy Entm't Grp.,* 529 U.S. 803, 813, 120 S.Ct. 1878, 146 L.Ed.2d 865 (2000). Punishing, removing, or by other means silencing a speaker due to crowd hostility will seldom, if ever, constitute the least restrictive means available to serve a legitimate government purpose. *Cantwell v. Connecticut,* 310 U.S. 296, 60 S.Ct. 900, 84 L.Ed. 1213 (1940); *Terminiello v. City of Chi.,* 337 U.S. 1, 69 S.Ct. 894, 93 L.Ed. 1131 (1949); *Edwards v. South Carolina,* 372 U.S. 229, 83 S.Ct. 680, 9 L.Ed.2d 697 (1963); *Cox v. Louisiana,* 379 U.S. 536 (1965); *Gregory v. City of Chi.,* 394 U.S. 111, 89 S.Ct. 946, 22 L.Ed.2d 134 (1969). A review of Supreme Court precedent firmly establishes that the First Amendment does not countenance a heckler's veto. *Bible Believers v. Wayne Cnty., Mich.,* 805 F.3d 228, 248 (6th Cir. 2015).

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 16*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 16 of 21 PageID #: 440

Police cannot punish a peaceful speaker as an easy alternative to dealing with a crowd that is offended by what the speaker has to say. *Bible Believers v. Wayne Cnty., Mich.,* 805 F.3d 228, 250 (6th Cir. 2015).

When a peaceful speaker, whose message is constitutionally protected, is confronted by a hostile crowd, the state may not silence the speaker as an expedient alternative to containing or snuffing out the opposing individuals. *See Watson,* 373 U.S. at 535–36, 83 S.Ct. 1314. Nor can an officer sit idly on the sidelines—watching as the crowd imposes, a tyrannical majoritarian rule—only later to claim that the speaker's removal was necessary. "[U]ncontrolled official suppression of the privilege [of free speech] cannot be made a substitute for the duty to maintain order in connection with the exercise of th[at] right." *Hague v. Comm. for Indus. Org.,* 307 U.S. 496, 516, 59 S.Ct. 954, 83 L.Ed. 1423 (1939). The rule to be followed is that when the police seek to enforce law and order, they must do so in a way that does not unnecessarily infringe upon the constitutional rights of law-abiding citizens. *See Gregory,* 394 U.S. at 120, 89 S.Ct. 946 ("[A] police officer['s] ... duty is to enforce laws already enacted and to make arrests ... for conduct already made criminal.") (Black, J., concurring). They may take any appropriate action to maintain law and order that does not destroy the right to free speech by indefinitely silencing the speaker. Fundamentally, no police action that hinders the speaker's freedom of speech should be deemed legitimate in the eyes of the Constitution unless it satisfies strict scrutiny, which requires the police to achieve their ends by using only those means that are the least restrictive with respect to the speaker's First Amendment rights. *Bible Believers v. Wayne Cnty., Mich.,* 805 F.3d 228, 252–253 (6th Cir. 2015).

# CONCLUSION

The City of Franklin violated the Plaintiffs' First Amendment rights by excluding them from a public forum based on their religious speech, under a policy enforced by its officers. This Court's prior ruling confirms the Park's status and the applicable law, and no material facts are in dispute. The Plaintiffs respectfully request that this Court grant summary judgment in their favor on their § 1983 First Amendment claim against the City of Franklin. Plaintiffs further request this Court:

A.      Enter a judgment and decree declaring the actions taken by Defendant Franklin in prohibiting Plaintiffs from sharing his religious viewpoints in the Park during the Pride Fest on June 3, 2023, violated their constitutional rights, and particularly, their rights to free speech.

B.      Enter a judgment and decree declaring that Defendant Franklin's policy and practice of supplying Franklin Pride and other permittees of the Park with proprietary control over speech taking place on said public property during a public event is unconstitutional on its face and as applied to Plaintiffs' desired speech (distributing literature and having oral conversations) because it violates their rights and the rights of third parties not before the Court, as guaranteed under the First and Fourteenth Amendments to the United States Constitution.

C.      Enter a preliminary and permanent injunction enjoining Defendant Franklin, its agents, officials, servants, employees, and all persons in active concert or participation with them, or any of them, from applying Franklin's policy and practice of giving a permittee proprietary control over speech in the Park and other public parks during public events to enable a permittee to banish disfavored expression;

D.      Adjudge, decree, and declare the rights and other legal relations with the subject matter here in controversy, so such declaration shall have the force and effect of final judgment;

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 18*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 18 of 21 PageID #: 442

E.      That this Court award Plaintiffs nominal damages arising from the acts of the Defendant Franklin as an important vindication of his constitutional rights, and Mr. Cocchini further damages for malicious prosecution;

F.      That this Court award Plaintiffs their costs and expenses of this action, including reasonable attorneys' fees, in accordance with 42 U.S.C. § 1988 and other applicable law; and award any other appropriate relief and set a hearing on damages if necessary.

Respectfully submitted,

*/s/ Larry L. Crain*

Larry L. Crain, Tenn. Sup. Crt. # 9040
CRAIN LAW GROUP, PLLC
5214 Maryland Way, Suite 402
Brentwood, TN  37027
Tel. (615) 376-2600
Email: Larry@crainlaw.legal

Emily A. Castro
Tn. Supr. Crt. No.  28203
5214 Maryland Way
Suite 402
Brentwood, TN  37027
Tel.  615-376-2600
Fax. 615-345-6009
Email: Emily@crainlaw.legal

*Attorneys for the Plaintiff Joseph Cocchini, Brian Russell, Marvin Young and Jeremy Slayden*

*Memorandum in Support of Plaintiffs*
*Motion for Summary Judgment - 19*
Case 3:23-cv-01185    Document 62    Filed 04/10/25    Page 19 of 21 PageID #: 443

/s/ Kristin Fecteau Mosher
Kristin Fecteau Mosher, Esq.
Tennessee Bar No.: 19772
Local Counsel for Plaintiff
**The Law Office of Kristin Fecteau, PLLC**
5543 Edmonson Pike, Suite 229
Nashville TN 37211
Telephone: (615) 496-5747
E-mail: kristin@fecteaulaw.com

Frederick H. Nelson, Esq.
Florida Bar No.: 0990523
Trial Counsel for Plaintiff
AMERICAN LIBERTIES INSTITUTE
P.O. Box 547503
Orlando, FL 32854-7503
Telephone: (407) 786-7007
Facsimile: (877) 786-3573
E-mail: rick@ali-usa.org

*Attorneys for the Plaintiff Timonthy Brown*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 10th day of April, 2025, a true and exact copy of the foregoing Plaintiffs Memorandum in Support of their Motion for Summary Judgment was delivered by ECF Filing upon the person(s) listed below:

Gina S. Vogel
Jeffrey R. Thompson
Lewis Thomason, PC
620 Market Street, PO Box 2425
Knoxville, TN 37901
jrthompson@lewisthomason.com
gvogel@lewisthomason.com

Shauna R. Billingsley
City Attorney
City of Franklin, Tennessee Law Department
109 3rd Avenue South
Franklin, TN  37064
Shauna.billingsley@franklintn.gov

William E. Squires
Assistant City Attorney
J. Blake Harper
Staff Attorney
109 Third Avenue South
Franklin, TN. 37064
Bill.squires@franklintn.gov
Blake.harper@franklintn.gov

Stephanie Veillette
Paralegal for City of Franklin
Stephanie.veillette@franklintn.gov


*Attorneys for Defendant City of Franklin*


*/s/ Larry L. Crain*
Larry L. Crain